## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

### Civil Action No. 1:17-cv-01754

Jessica Dawn Irvin,

      Plaintiff,

v.

Nancy A. West,

      Defendant.

---

## COMPLAINT

---

### NATURE OF THE ACTION

This is an action brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq*., based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

### PARTIES

2.    Plaintiff JESSICA DAWN IRVIN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Lafayette, Colorado

(Boulder County).

3. Plaintiff is disabled as defined by the ADA, and is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

4. Plaintiff uses a wheelchair for mobility purposes.

5. Defendant Nancy A. West (hereinafter "Defendant") is an individual whom, upon good faith belief, has been a resident of the state of Colorado at all times relevant hereto.

6. Defendant may be properly served with process for service at 2201 Creekside Drive, Longmont, Colorado 80504.

## FACTUAL ALLEGATIONS

7. On or about April 13, 2017, Plaintiff was a customer at "Eats and Sweets" and also attempted to utilize the restroom at the Facility.

8. Defendant is the owner of the real property and improvements that the Facility is situated upon and is the subject of this action, referenced herein as the "Property."

9. Plaintiff lives in the near vicinity of the Facility and Property.

10. Plaintiff's access to the businesses located at 401 S. Public Road, Lafayette, Colorado 80026, Boulder County parcel number R0020259 ("the Property,") and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of

these disabilities, and will be denied and/or limited in the future unless and until the Defendant is compelled to remove the physical barriers to access and correct the ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

11.     Plaintiff intends to visit the Facility and Property within six (6) months, or sooner, to purchase goods.

12.     Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility and Property within the next six (6) months, or sooner, once the Facility and Property are accessible again.

13.     In this instance, Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access.

**COUNT I**
**VIOLATIONS OF THE ADA AND ADAAG**

14.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*.

15.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a

serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

16.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

17.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.

18.     The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if the defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

19.     The Facility is a public accommodation and service establishment.

20.     The Property is a public accommodation and service establishment.

21.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36.

22.     Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if the defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq*., and 28 C.F.R. §36.508(a).

23.     The Facility must be, but is not, in compliance with the ADA and ADAAG.

24.     The Property must be, but is not, in compliance with the ADA and ADAAG.

25.     Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities due to the physical barriers to access,

dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

26. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27. Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

28.     Defendant has discriminated against Plaintiff by failing to comply with the above requirements.

29.     A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of her disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include, but are not limited to:

(a)     **ACCESSIBLE ELEMENTS:**

(i)     There are no accessible parking spaces on the Property that comply with section 502.1 of the 2010 ADAAG standards, in violation of section 208.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii)    There is an excessive vertical rise along the accessible route to the Facility due to gaps in the floor tiling, in violation of section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(iii)   There are doorway thresholds to the Facility (at  that have vertical rises in excess of one half (½) inch and do not contain bevels with maximum slopes of 1:2 (one to two), in violation of section 404.2.5 of the 2010 ADAAG standards.

(iv)     The Facility lacks at least 5 (five) percent of the exterior dining surfaces provided for consumption of food or drink that comply with section 902.3 requiring the maximum height of the dining surface to be maximum 34 (thirty-four) inches above the finished floor, in violation of section 226.1 of the 2010 ADAAG standards.

(v)      The interior of the Facility has a bar lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor, in violation of section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Facility.

**(b)     RESTROOMS:**

(i)      The Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

(ii)     The door hardware for the bathroom entrances of the Facility has operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(iii)    The hand operated flush controls in the accessible toilet stalls of the restrooms of the Facility are not located on the open side of the accessible

stall, in violation of section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iv) The accessible toilet stalls of the restrooms of the Facility have grab bars adjacent to the commodes that are not in compliance with section 604.5 of the 2010 ADAAG standards as the rear bar is too short. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(v) The paper towel dispensers in the restrooms of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vi) The clear floor space for the sinks in the restrooms of the Facility are blocked by the paper towel dispensers and cabinets, in violation of section 606.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities.

(vii) The restrooms in the Facility have pedestal sinks with inadequate knee and toe clearances, in violation of section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(viii) The floors of the restrooms in front of the sinks have excessive vertical rises, due to the placement of steps, in violation of section 303.2 of the 2010 ADAAG standards. This made it dangerous and difficult for Plaintiff to safely utilize the restroom facilities.

30.     The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

31.     Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

32.     All of the above violations are readily achievable to modify in order to bring the Facility and Property into compliance with the ADA.

33.     The removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low and Defendant has the financial resources to make the necessary modifications.

34.     Upon information and good-faith belief, the Facility and Property has been altered since 2010.

35.     In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed above can be applied to the 1991 ADAAG standards.

36.     Plaintiff has attempted to gain access to the Facility and Property in her capacity as a customer, but because of her disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to

be discriminated against in the near future by Defendant because of Plaintiff's disabilities, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

37.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.   42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. §36.304.

38.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest, and the benefit to Plaintiff and the public far outweighs any detriment to Defendant.

39.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendant.

40.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: July 20, 2017.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Ehrlich  & Schapiro, LLC
1123 Zonolite Road N.E., Suite 8-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com